**BOURCIER & LANUSSE vs. SCHOONER ANN.**

THIS was an action brought to recover the

Provisions fur-

FALL, 1810.
First District.

BOURCIER & AL.
*vs.*
SCHOONER ANN.

*nished for ves-sels create a privilege, which is not destroyed by her sailing.*

amount of an account of provisions furnished the schooner Ann by the plaintiffs. The schooner had been suffered to proceed on her voyage, and during her absence, the owner became insolvent. Upon her return, she was seized by the plaintiffs, who claimed their debt, as one privileged upon the schooner.

*Ellery* for the plaintiffs. By the Spanish law, the doctrine of privileges is carried further than by the common law. Provisions furnished a vessel here constitute a privileged debt upon the vessel herself, in favor of those furnishing them; and this privilege is expressly stated in the *Curia Phillippica, lib.* 2, *cap.* 12, *art.* 25.

*Duncan* contra. The Spanish law undoubtedly gives the privilege claimed; but it is not one of an indefinite or indeterminable nature. It is similar to the lien, at common law, in favor of sailors who serve on board of a vessel, or carpenters who repair her. So long as they are actually or constructively in possession, the lien endures, but parting with the possession, severs the lien. Here we find, that the vessel was suffered to depart from port, and no steps taken to arrest her; of course, the plaintiffs gave up all claim to the vessel, and looked only to the owner for the payment of their demand. Under such circumstances, would sailors have a right to libel? and will the principle be carried further in favor of the purveyors of a vessel, than those who

serve on board of her ?    If this lien still exists,
after the vessel has performed one voyage, would
it not equally exist after she had performed a
dozen ?  Where then shall we find the boundary
or draw the line ?  Is it to be an indefeasible one,
unaffected by time or circumstance ?  Has not the
law fixed its limits and duration, as in the case of
all liens, namely, during the possession by the
claimant of the subject matter, to which the lien
attaches, and which applies equally to factors,
bailees, landlords, carpenters, sailors, &c.    A
voluntary parting with the possession, operates
a severance of the lien ; the moment this vessel
was suffered to leave this port, this lien was dis-
severed.

*Ellery* in reply.    Having shown the general
principle, as established by the Spanish law, I
left it to the opposite counsel to point out an ex-
ception in this case, if any existed.  I am referred
to liens, under the common law, where keeping
possession is necessary to their preservation.  But
I never concluded this was a lien ; I claimed it
as a privilege.    Liens, I know, imply possession
on the part of the claimant, and are destroyed by
a voluntary surrender ; but a privilege does not
imply such possession, and is destroyed only by
novation or prescription. Possession is necessary
to the formation and existence of the one, the
other depends upon the quality of the debt; the
one is rather the offspring of the common law ;

FALL, 1810.
First District.

BOURCIER & AL.
*vs.*
SCHOONER ANN.

the other owes its existence to the civil. The privilege of workmen, for instance, upon the building upon which their sevices have been rendered, implies and requires no possession, actual or constructive, on their part, and though the building may have been sold and resold, still their privilege, which forms upon it a legal mortgage, follows it through all its changes and transfers, and enures until barred by a lapse of time, or a change of the debt. The privilege of those who provision a vessel, is placed upon the same footing, and ranked in the same class.—Neither is the present claim weakened by any laches or want of diligence on the part of the plaintiffs. The provisions furnished were for the very voyage from which the vessel has just returned, and probably were the last articles laid in before her departure. The plaintiffs never had possession of her, neither were they supposed to know the moment of her departure. These claims, too, are generally the last accounts settled by the owners. If the vessel had been sold, a new question might have arisen; though in that case, I contend she would have been bought with all her bills and incumbrances upon her ; but here the property was not substantially deserted, it is in the hands of the syndics of the creditors of the owner.

*By the Court,* MARTIN, *J.* alone. The authority cited out of the *Curia Philippica* is conclusive as to the creation of the privilege, and I am not able to say that the departure of the ves-

sel destroys it. Provisions, as well as the cargo of a vessel, are often purchased at a short credit, and the bills are seldom brought in till the vessel has sailed. Both the authorities and principles are in favor of the privilege and its continuance.

JUDGMENT FOR PLAINTIFFS.